PRISCILLA R. OWEN, Circuit Judge,
dissenting.
Because I would affirm the district court’s judgment, I respectfully dissent.
The Agreed Judgment excepts only the applicability of § 20.62.020(F) of the El Paso Municipal Code. The Agreed Judgment states twice that all other health and safety provisions of the El Paso Municipal Code remain in effect. At the time the Agreed Judgment was entered, § 20.08.080 of that Code defined (and has continued to define) who is considered an owner or operator of “an adult bookstore, adult motion picture theater or nude live entertainment club.” The Agreed Judgment reflects that the 1995 dispute that led to its entry “involve[d] a dispute over application of certain provisions of the El Paso Municipal Code which regulate the operation of Adult Businesses within the City limits.” The parties to the Judgment agreed that the non-conforming use of the properties at issue as adult businesses could continue “for such period of time as the businesses remain in operation at their current locations by them current owners and operators.” I see no ambiguity in the Agreed Judgment. Section 20.08.080 of the Code applied, and it defined who are deemed owners or operators of an adult business. The owners and operators, as those terms are defined in § 20.08.080, changed, and therefore the Agreed Judgment, by its terms, ceased to “grandfather” the adult businesses.
I agree with the majority opinion’s disposition of the other issues in this case. I note only that there is no evidence that city officials “affirmatively misled”[1] any of the Appellants, and this is an additional basis on which to conclude that the City is not estopped in this case.

. See City of White Settlement v. Super Wash, 198 S.W.3d 770, 775 (Tex.2006).